## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

FILED

CRIMINAL ACTION

v.

JUN 1 2 2007

WILLIAM HUDGINS

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

NO. 06-490-01

### MEMORANDUM

Baylson, J.                                                          June 12, 2007

### I.   Summary of Indictment

Defendant William Hudgins ("Hudgins") allegedly participated in two armed robberies of a video store, "JM Film," on May 18, 2006 and July 2, 2006.  The first two counts of the indictment, which allege that Hudgins acted alone, concern the first robbery.  These counts charge Hudgins with interference in interstate commerce by robbery (18 U.S.C. § 1951(a)) and using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).

Counts three through six concern the second robbery, and charge Hudgins and co-defendant Leroy Fields ("Fields") with conspiracy to interfere with interstate commerce by robbery (18 U.S.C. § 1951(a)), interference with interstate commerce by robbery (18 U.S.C. § 1951(a)), using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), and possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(e)).

Defendant Hudgins claims that joinder of the counts was improper under Fed. R. Crim P. 8(a), and alternatively, seeks severance pursuant to Fed. R. Crim. P. 14(a).

### II.   Defendant's Grounds for Severance

Defendant argues that trying the charges arising out of both incidents together exposes

-1-

him to a substantial risk of prejudice resulting in denial of a fair trial in violation of his due process rights.  Specifically, he argues that joinder under Rule 8(a) was improper because the two sets of offenses, occurring more than six weeks apart, are not of the "same or similar" character. In support, defendant claims that the indictment does not allege any logical connection between the offenses and does not show similarity in the form of overlapping testimony of common witnesses.

Defendant further contends that even if joinder was proper under Rule 8(a), the connection between the offenses is so attenuated, and the risk of spillover prejudice so substantial, that severance is appropriate under Rule 14(a).  Specifically, he argues that a separate trial for the first two counts, which arise out of the first incident, is necessary because he intends to testify only about the counts relating to the second incident.  A joint trial would deprive Defendant of his constitutional right to remain silent as to the first two counts, and increase the risk that the jury would find him guilty of the first two counts based on his testimony regarding the other counts.

## III.   Prosecution's Response

The prosecution argues that joinder under Rule 8 is proper because the two incidents were of a similar character and were part of a single common plan or scheme.  The only difference between the two robberies was that in the first, the defendant gained entry to the store by claiming to be an acquaintance of co-defendant Fields (who was known to the store's clerk as a frequent customer), whereas in the second, Fields gained entry and then let Defendant Hudgins into the store.  Additionally, if separate trials were held, so much of the evidence from both incidents would be admissible under Fed. R. Evid. 404(b) that it would be more efficient to hold

a joint trial.  Moreover, to justify a severance under Rule 14(a), defendant must meet the heavy

burden of proving that joinder would result in a "manifestly unfair trial" where there is a serious

risk that a jury may be prevented from making a reliable judgment about guilt or innocence.  Far

more complex cases have shown that there is little risk of jury confusion so long as instructions

are carefully drafted.

## IV.    Legal Analysis

### A.    Joinder Under Rule 8(a)

Rule 8(a) provides:

> The indictment or information may charge a defendant in separate
> counts with 2 or more offenses if the offenses charged--whether
> felonies or misdemeanors or both--are of the same or similar
> character, or are based on the same act or transaction, or are
> connected with or constitute parts of a common scheme or plan.
> FED. R. CRIM. P. 8(a).

The purpose of Rule 8 is to "promote economy of judicial and prosecutorial resources."

United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987) (holding that narcotics possession and

weapons possession charges were properly joined because the evidence with regard to both

charges was duplicative and holding separate trials would have been a waste of resources).

Therefore, Rule 8 is broadly construed in favor of initial joinder.  United States v. Fortenberry,

914 F.2d 671, 675 (5th Cir. 1990) (holding that car bombing and weapons possession charges

were properly joined because all charges were linked to the same plan).

The issue here is whether the charges arising out of the two different robberies in which

Defendant Hudgins participated have the "same or similar character" or "are connected with or

constitute parts of a common scheme or plan."  So long as a logical relationship exists between

charges, courts will allow the joinder of defendants under Rule 8.  See United States v. Kemp,
No.Crim.A. 04-370, 2004 WL 2757867 (E.D. Pa. Dec. 2, 2004) (holding that co-defendants in a
conspiracy trial who were not charged with participating in the main conspiracy were properly
joined nonetheless).

Courts tend to construe the meaning of "same or similar character" very broadly.  For
instance, one court has held that theft and robbery charges, arising out of separate incidents
involving varying co-conspirators two years apart, are similar enough to justify joinder.  United
States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980).   In this case, the robberies allegedly took
place at the same store only six weeks apart.  The only significant difference appears to be that
Defendant is accused of acting alone in the first incident and with co-defendant Fields on the
second occasion.  Therefore the two incidents here can be considered to be of the "same or
similar character."

Furthermore, although Fields was allegedly not present during the first robbery, the
government asserts the evidence will show that on that occasion, Defendant Hudgins, who was
unknown to the store clerk, convinced the clerk to let him into the store by claiming to be an
acquaintance of Fields, who was known by the store clerk.  Although this information was not
mentioned in the indictment, a court may look beyond the indictment when deciding a Rule 8
motion.  United States v. McGill, 964 F.2d 222, 242 (3d Cir. 1992) ("Where representations
made in pretrial documents other than the indictment clarify factual connections between the
counts, reference to those documents is permitted.").  Because the additional information
provided by the government connects co-defendant Fields to Defendant Hudgins and the first
incident, the Court may take this into consideration.  Based on this information, it appears that

-4-

the incidents are sufficiently related to be considered part of "a common scheme or plan." Overall, given that Rule 8(a) is generally construed to favor joinder, and that some logical relationship exists between the charges, joinder is proper in this case.

### B.    Discretionary Severance Under Rule 14(a)

The relevant part of Rule 14(a) reads as follows:

> If the joinder of offenses . . . for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. FED. R. CRIM. P. 14(a).

Under this rule, severance is granted at the Court's discretion. Zafiro v. United States, 506 U.S. 534, 538-39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Because the importance of judicial economy dictates a preference for joint trials, a district court should exercise this discretion only if the defendant has shown there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants. . . ." Zafiro, 506 U.S. at 539. In deciding whether a "specific trial right" would be compromised, courts should consider the degree of complexity of the charges and the possibility of a clear and substantial prejudice to a defendant in a joint trial. Id. at 539.

Prejudice may result if the defendant wishes to testify to one but not the other of two joined offenses.   To justify severance on these grounds, however, the Third Circuit requires that the defendant make a "convincing showing" that he has "important testimony" to give on one charge and a "strong need to refrain from testifying on the other [charge]." United States v. Reicherter, 647 F.2d 397, 400-01 (3d Cir. 1981) (citing Baker v. United States, 401 F.2d 958,

977 (D.C. Cir 1968)).  In <u>Reicherter</u>, the Third Circuit affirmed the trial court's refusal to sever

charges of drug distribution from charges of drug manufacturing.   In reaching this decision, the

Third Circuit explicitly declined to follow the DC Circuit case on which Defendant now relies,

<u>Cross v. United States</u>, 335 F.2d 987 (D.C. Cir. 1964) (2-1 decision) (holding that where joinder

of charges that are not "clearly distinct in time, place and evidence" increases the pressure on

defendant to testify in defense to a charge that he would have unlikely testified to in a separate

trial, severance should be granted).  The court in <u>Reicherter</u> reasoned that the DC Circuit's

subsequent holding in <u>Baker</u>, 401 F.2d at 977 ("[N]o need for a severance exists until the

defendant makes a convincing showing that he has both important testimony to give concerning

one count and strong need to refrain from testifying on the other."), effectively limited the

applicability of the <u>Cross</u> rule in cases like the Court now faces.  <u>Reicherter</u>, 401 F.2d at 977.

　　　In the current case, Defendant does not explicitly explain why he does not wish to testify

to the charges arising out of the first incident, but he implies that the only evidence connecting

him with this incident is the testimony of the purported victim.  This information alone does not

demonstrate a "strong need" to refrain from testifying in defense to these charges.  Furthermore,

the Defendant has failed to explain what "important testimony" he has in defense to the charges

arising out of the second incident.  Therefore, Defendant has not established that he is entitled to

a severance on this basis.  If at trial, Defendant still intends to testify only to the second incident,

this Court can and may restrict the prosecution from argument or cross examination about the

Defendant's lack of testimony about the first incident.

　　　The complexity of a case may also warrant a severance if the jury will likely find it

difficult to appropriately compartmentalize the evidence and consider the evidence only as it

relates to the relevant charges.  United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992)

(pointing out that the jury would have had no problem separating testimony regarding

defendant's cocaine dealings from charges for dealing in heroin).  The case before the Court is

not particularly complex.  It involves only two defendants and six charges.  The Third Circuit has

upheld the denial of severance in far more complex cases.  See, e.g., United States v. Thomas,

610 F.2d 1166, 1170 (3d Cir. 1979) (holding that severance was not necessary in a case involving

31 separate bank fraud charges); United States v. Catena 500 F.2d 1319, 1325-26 (3d Cir. 1974)

(holding that trial court did not abuse discretion in refusing to sever over 100 counts of medicare

fraud).  Careful instructions to the jury to consider each count separately can help ensure that the

jury compartmentalizes the evidence and minimize the risk of spillover.  Id.

Defendant relies on United States v. Lewis, 787 F.2d 1318 (9th Cir. 1986), where the

Ninth Circuit held that the trial court should have severed a felon-in-possession charge from

robbery charges.  In reaching this decision, however, the court took into account the fact that the

trial judge failed to give proper and timely instructions to the jury to consider each count

separately.[1]  Id. at 1323.  The Ninth Circuit concluded that the trial judge's failure to instruct the

jury in a timely manner made it difficult for the jury to properly compartmentalize the evidence

and the different charges.  Id.  As Lewis implies, such problems can be avoided so long as juries

are properly instructed.  Thomas, 610 F.2d at 1170.  As the Supreme Court has repeatedly stated,

it is presumed that juries follow their instructions.  Greer v. Miller, 483 U.S. 756, 766, n. 8

---

[1] In Lewis, the prosecutor declared in her opening statement: "[F]irst, there is the
defendant, Gregory Lewis. He's also known in some circles as Marzuk Shariff, also recently as
George Harris. *He is a convicted felon*." Lewis, 787 F.2d at 1323 (emphasis added).  In spite of
this, the trial judge waited until the third day of trial before instructing the jurors to consider each
count in the indictment separately.  Id.

-7-

(1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." (internal citations omitted)).  Because of these extensive procedural safeguards, which reduce the risk of spillover, Defendant's fear of prejudice is not warranted.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          CRIMINAL ACTION

v.          :

WILLIAM HUDGINS          :          NO. 06-490-01

**FILED**

JUN 1 2 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### ORDER

AND NOW, this ( \_day of June, 2007, it is hereby ORDERED that Defendant's

Motion for Severance (Doc. No. 64) is DENIED.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\06-490 Hudgins, US v\Hudgins 06-490 Memo re severance.wpd